IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge John L. Kane

Criminal Action No. 99-cr-00439-DBS

UNITED STATES OF AMERICA,

      Plaintiff,

v.

WALTER JAMES JENKINS,

      Defendant.

_____

ORDER CONSTRUING FED. R. CIV. P. 60(b) MOTION
AS A MOTION PURSUANT TO 28 U.S.C. § 2255 AND
TRANSFERRING MOTION TO COURT OF APPEALS

_____

      Defendant Walter James Jenkins, on February 11, 2008, filed with the Court a *pro se* pleading titled, "Petitioner's Rule 60(B)(6) Motion to Recall Case Mandate Based on Statutory Clarification of U.S. Supreme Court," claiming that his criminal judgment should be vacated under *United States v. Zedner*, 547 U.S. 489 (2006), for a violation of his right to a speedy trial. Plaintiff filed a Response on February 15, 2008, and Defendant filed a Traverse on March 31, 2008.

      The Court must construe the Fed. R. Civ. P. 60(b)(6) Motion liberally because Mr. Jenkins is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

Mr. Jenkins was found guilty by a jury of one count of conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(iii) and 846, one count of possession with intent to distribute fifty grams of cocaine base, aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (iii) and 18 U.S.C. § 2, one count of possession of firearms during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1), and one count of possession of firearms during and in relation to a drug trafficking crime (second and subsequent conviction), in violation of 18 U.S.C. § 924(c)(1)(C)(i).

Defendant appealed his sentence and claimed that the district court committed several errors in its rulings, including (1) the denial of his motion to suppress evidence gained from an alleged illegal search, (2) the denial of his motion to dismiss one of the § 924(c) counts, as the two § 924 counts were premised on the same underlying drug trafficking crime, allowing insufficient evidence to support a verdict in the possession of firearms in furtherance of a drug trafficking crime, (3) the finding that the evidence was sufficient enough to show that the firearms in his possession were used in furtherance of the possession with intent to distribute crack cocaine, and (4) the admitting into evidence of pictures of Defendant and others holding firearms and large amounts of cash. *United States v. Jenkins*, 313 F.3d 549 (10th Cir. 2002).

The Tenth Circuit found that this Court did not clearly err in any of the four claims set forth by Defendant and affirmed the conviction. *Id.* The United States Supreme Court denied certiorari review on April 28, 2003. *Jenkins v. United States*, 538 U.S.

1006 (2003). Defendant then filed a 28 U.S.C. § 2255 motion on May 5, 2004. After

Defendant filed at least two motions to amend the § 2255 motion, the Court entered an

order on September 22, 2005, denying the motion for failure to state an ineffective

assistance of counsel claim and for failure to implicate *Apprendi* and *Booker*. Defendant,

then, inappropriately sought to supplement or amend the denied § 2255 motion.

Defendant also filed a motion for leave to file a successive § 2255 motion with the United

States Court of Appeals for the Tenth Circuit. The Tenth Circuit denied his request on

September 27, 2006.

It is readily apparent that a motion pursuant to Fed. R. Civ. P. 60(b) is not

available to obtain the relief Plaintiff seeks. Rule 1 of the Federal Rules of Civil

Procedure unambiguously provides that "[t]hese rules govern the procedure in the United

States district courts in all suits of a civil nature." The judgment that Mr. Jenkins contests

was entered, not in a civil case, but in a criminal case. Fed. R. Civ. P. 60(b) simply does

not provide for relief from judgment in a criminal case. *See United States v. Mosavi*,

138 F.3d 1365, 1366 (11th Cir. 1998).

The proper method for Mr. Jenkins to challenge his conviction and sentence is to

file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

"The exclusive remedy for testing the validity of a judgment and sentence, unless it is

inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson v. Taylor*,

347 F.2d 365, 366 (10th Cir. 1965) (per curiam). Nonetheless, because Defendant

previously sought relief pursuant to § 2255 in this criminal action and was denied relief,

*see United States v. Jenkins*, No. 04-cv-00912-DBS (Criminal Case

No. 99-cr-00439-DBS) (D. Colo. Sept. 22, 2005), the instant Motion if considered as

filed pursuant to § 2255 would be a second or successive motion.

Pursuant to 28 U.S.C. § 2244(b)(3) and 28 U.S.C. § 2255, Mr. Jenkins must apply

to the Tenth Circuit for an order authorizing this Court to consider a second or successive

§ 2255 motion. A second or successive § 2255 motion filed in the district court without

the required authorization should be transferred to the court of appeals pursuant to

28 U.S.C. § 1631. *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per

curiam).

The Court, therefore, finds that the Rule 60(b)(6) Motion properly is construed as

a § 2255 Motion. The Court further finds that the § 2255 Motion is successive and

should be transferred to the Tenth Circuit because Mr. Jenkins is required to obtain

authorization from the Tenth Circuit before this Court is able to consider the Motion.

Accordingly, it is

ORDERED that the "Petitioner's Rule 60(B)(6) Motion to Recall Case Mandate

Based on Statutory Clarification of U.S. Supreme Court," filed by Defendant on

February 11, 2008, is construed as a Motion filed pursuant to 28 U.S.C. § 2255. It is

FURTHER ORDERED that the Clerk of the Court shall process the construed

28 U.S.C. § 2255 Motion and open a civil file for administrative purposes. It is

FURTHER ORDERED that the Clerk of the Court is directed to transfer the

28 U.S.C. § 2255 Motion to the United States Court of Appeals for the Tenth Circuit.

Dated this 14th day of April, 2008.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court