FILED
United States Court of Appeals
Tenth Circuit

June 5, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

| | |
|---|---|
| In re: | No. 08-1134 |
| WALTER JAMES JENKINS, | (D.C. Nos. 1:08-CV-00760-JLK & 1:99-CR-00439-JLK-1) |
| Movant. | (D. Colo.) |

---

ORDER

---

Before **BRISCOE**, **LUCERO**, and **McCONNELL**, Circuit Judges.

---

Walter James Jenkins has filed a motion to remand a Fed. R. Civ. P. 60(b) motion that the district court transferred to this court as a second or successive motion under 28 U.S.C. § 2255. Because Mr. Jenkins' motion is not a true Rule 60(b) motion, we deny the motion to remand.

*Background*

Mr. Jenkins was convicted of four counts of drug and firearms offenses. He unsuccessfully pursued a direct appeal to this court, *see United States v. Jenkins*, 313 F.3d 549 (10th Cir. 2002), and the Supreme Court denied a writ of certiorari, *see Jenkins v. United States*, 538 U.S. 1006 (2003). He then filed a motion to vacate, set aside, or correct his sentence under § 2255. Before the district court ruled on his § 2255 motion, he filed multiple motions to supplement it. The district court allowed the supplements and denied the § 2255 motion in

September 2005.  *See United States v. Jenkins*, No. 04-cv-912-DBS (D. Colo. Sept. 22, 2005).  In March and May 2006, Mr. Jenkins filed two post-judgment motions to supplement his § 2255 motion, but it is not clear that the district court ever explicitly ruled on these motions.  Its docket entry 364 (a text entry) notes that they were denied by referring to a September 2006 order of this court denying leave to file a second or successive § 2255 motion.  In February 2007, this court dismissed as untimely an appeal from the September 2005 denial of the § 2255 motion.

In February 2008, Mr. Jenkins filed, in the district court, "Petitioner's Rule 60(B)(6) Motion to Recall Case Mandate Based on Statutory Clarification of U.S. Supreme Court."  The district court construed the motion as a second or successive § 2255 motion and transferred it to this court for authorization to file.  Mr. Jenkins filed a motion to remand, arguing that his motion was a "true" Rule 60(b) motion because his "only intent was to challenge the district court's failure to address claims he raised in his original 28 U.S.C. [§] 2255 motion.  Petitioner contends that the district court's ruling on his 28 U.S.C. [§] 2255 motion was void, because it did not address all the issues raised on his [§] 2255."  Mot. to Remand at 1 (capitalization omitted).  The United States has responded, opposing a remand.

*Analysis*

"[W]hether a postjudgment pleading should be construed as a successive application depends on whether the pleading (1) seeks relief from the conviction or sentence or (2) seeks to correct an error in the previously conducted habeas proceeding itself." *United States v. Nelson*, 465 F.3d 1145, 1147 (10th Cir. 2006) (discussing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)). If the pleading seeks relief from the conviction or sentence, it should be treated as a successive filing; if it seeks to correct an error in the previous collateral proceeding, it should not. *Id.*

The district court did not err in construing the filing as a second or successive § 2255 motion. Contrary to Mr. Jenkins' assertions about the purpose of his motion, the motion itself does not refer to the § 2255 proceeding. Instead, it directly challenges his conviction as obtained in violation of the Speedy Trial Act. Further, contrary to Mr. Jenkins' assertion in his motion to remand that the district court failed to rule on his claims in his § 2255 proceeding, our review of the district court's order shows that it did address the Speedy Trial Act-related claims that he raised in his initial motion and in his pre-judgment supplements. *See Jenkins*, No. 04-cv-912-DBS, slip op. at 18-20, 21. To the extent that Mr. Jenkins may be complaining that the district court did not rule on the Speedy Trial Act claims contained in his post-judgment supplements, such filings themselves appear to be second or successive motions that the district court could

not hear without this court's authorization. *See Nelson*, 465 F.3d at 1148-49 (noting that there can be no post-judgment amendments to a complaint before the judgment is vacated or set aside and holding that a post-judgment motion that sought to amend complaint to add a new basis for challenging the conviction was a second or successive § 2255 motion).

The motion for remand is DENIED. This proceeding is terminated.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk