IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Case No. **99-cr-439-JLK**

**UNITED STATES OF AMERICA**,

        Plaintiff,

v.

**1. WALTER JENKINS,**

        Defendant.
_____

**ORDER DENYING MOTION TO MODIFY TERM OF IMPRISONMENT**
_____

Kane, J.

This matter is before me on Defendant's Motion to Modify Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. #382) and his Supplement to this motion (Doc. #410). Having carefully considered both filings and the government's response, and all applicable legal authorities, and being fully advised in the premises, I rule as follows:

"A district court is authorized to modify a defendant's sentence only in specified instances where Congress *expressly* granted the court jurisdiction to do so." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006) (emphasis in original, internal quotation omitted). In 18 U.S.C. § 3582(c)(2), Congress provided as relevant here that "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission* pursuant to 28 U.S.C. § 994(o), . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* (emphasis added). In the applicable policy statement, set forth in Section 1B1.10(a), the Sentencing Commission states that a reduction in a defendant's term of imprisonment as a result of an amendment to the Sentencing Guidelines "is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . [the amendment] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

Mr. Jenkins was convicted on April 26, 2001, on all four counts alleged in the Superceding Indictment. Counts One and Two charged Mr. Jenkins with conspiracy to distribute and possession with intent to distribute 50 grams or more of cocaine base ("crack"). Mr. Jenkins was sentenced to 360 months of imprisonment on each of these counts, to be served concurrently. He was sentenced to 60 months and 300 months imprisonment, respectively, on the firearms charges stated in Counts Three and Four, to be served consecutively to all other sentences.

In his motion, Mr. Jenkins seeks a reduction in his sentences on Counts One and Two based on Amendment 706 to the Sentencing Guidelines, which, as amended by Amendment 711, reduced the base offense level for most crack offenses by two levels. *See* U.S.S.G., Supplement to App. C, Amends. 706, 711 (2007). Pursuant to 18 U.S.C. § 3582(c) and section 1B1.10(a)(2)(B) of the Sentencing Guidelines, I have authority to modify his sentence only if this amendment has the effect of lowering the guideline range under which Mr. Jenkins was sentenced on these counts.

Under the sentencing guidelines in effect when he was sentenced, Mr. Jenkins was determined to have a base offense level of 38 for Counts One and Two. Mr. Jenkins received a four-level increase for being an organizer, leader or manager, which brought his total offense level to 42. This total offense level, coupled with Mr. Jenkins' criminal history category of IV, yielded a guideline range for sentencing of 360 months to life. As reported above, Judge Sparr sentenced Mr. Jenkins to 360 months on both counts.

Applying Amendment 706 to Mr. Jenkins, his base offense level is reduced to 36, yielding a total offense level of 40 after the four-level increase for being an organizer, leader or manager. A total offense level of 40 with a criminal history category IV results in the same guideline range, 360 months to life, as the range under which Mr. Jenkins was originally sentenced. Accordingly, Amendment 706 does not have the effect of lowering the guideline range under which Mr. Jenkins was sentenced. As a result, he is not eligible for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and section 1B1.10(a)(2)(B) of the Sentencing Commission's policy statement. *See United States v. James*, __ F.3d __, 2008 WL 4867909 (11th Cir. Nov. 12, 2008) (defendant not entitled to resentencing under § 3582(c)(2) when application of amended guideline would not lower defendant's applicable guideline range); *United States v. Thomas*, 524 F.3d 889, 890 (8th Cir. 2008) (same).

Mr. Jenkins argues that I have authority pursuant to *United States v. Booker*, 543 U.S. 220 (2005), to exceed the two-level reduction set forth in Amendment 706 and to reduce Mr. Jenkins' sentence below the 360 months to life guideline range that results after

3

application of the amendment. The Tenth Circuit has held, however, that the Supreme Court's decision in *Booker* does not provide authority for sentence reduction under section 3582(c). *Price*, 438 F.3d at 1007. Rather, the circuit court held, the express terms of the statute only grant authority to modify a defendant's sentence when the Sentencing Commission has acted to lower the applicable sentencing range. *See id.* at 1006-07. For the reasons stated above, the Sentencing Commission's amendment of the base offense level for Mr. Jenkins' crack cocaine offenses does not lower the sentencing range applicable to Mr. Jenkins. Because this threshold requirement is not met, Mr. Jenkins is not eligible for a reduction in sentence under section 3582(c). Because he is not eligible for sentence reduction under this statute, Mr. Jenkins' further arguments regarding a court's discretion under *Booker* to decide the amount of any sentence reduction are not relevant and need not be addressed. *See James*, 2008 WL 4867909 *2 (arguments regarding application of *Booker* and *Kimbrough* at resentencing are academic when defendant is not entitled to resentencing because the guideline amendment did not have effect of lowering defendant's guideline range).

For the reasons stated above, Defendant's Motion to Modify Terms of Imprisonment Pursuant to 18 U.S.C. § 3582(c) (Doc. #382) is DENIED.

IT IS SO ORDERED this 24th day of November, 2008.

s/ John L. Kane
John L. Kane, Senior District Judge
United States District Court